ORIGINAL

# In the United States Court of Federal Claims

No. 13-089C
(Filed December 6, 2013)
NOT FOR PUBLICATION

FILED

DEC – 6 2013

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                            *
SAMY GHARB,                                 *
                                            *
                Plaintiff,                  *
        v.                                  *
                                            *
THE UNITED STATES,                          *
                                            *
                Defendant.                  *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

Plaintiff, representing himself, has brought an action seeking damages for the alleged patent infringements of a government contractor. The government has moved to dismiss the case under Rules 12(b)(1), 12(b)(6), and 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons discussed below, the motion is **GRANTED** due to a lack of subject-matter jurisdiction and to plaintiff's failure to state a claim upon which relief can be granted.

### I. BACKGROUND

This is the final remaining case of five that were filed in our court by Samy Gharb, a pro se litigant apparently residing in Zurich, Switzerland. All concern the purported infringement of United States Patent No. 6,552,654 ("the '654 patent") by private companies holding federal government contracts. The other four have been dismissed under RCFC 12(b)(6) for failure to state a claim. *See Gharb v. United States*, 112 Fed. Cl. 94, 97-98 (2013) (concerning products sold by Mitsubishi Electric Corp.); *Gharb v. United States*, No. 12-911C, 2013 WL 4828589, at *5-7 (Fed. Cl. Sept. 9, 2013) (concerning products sold by Unitronics (1989) (R"G) Ltd.); *Gharb v. United States*, No. 12-910C, 2013 WL 4406910, at *2-3 (Fed. Cl. Aug. 15, 2013) (same); *Gharb v. United States*, No. 13-100C, 2013 U.S. Claims LEXIS 736, at *8-11 (June 25, 2013) (concerning products sold by Rockwell Automation). This case shares many of the hallmarks of the other, dismissed actions. The complaint is an odd collage of website printouts, screen captures and other photographs, and excerpts from documents, interspersed with text concerning the history of two

French companies --- Schneider Electric SA ("Schneider Electric") and Crouzet Automatismes SAS ("Crouzet"). In addition to the United States (and four of its military services), the complaint names several dozen parties as purported defendants --- including the two aforementioned French companies and several of their operations, more than twenty other businesses, the Republic of France, the French aerospace industries association, the district judge who dismissed one of plaintiff's previous cases, and several other individuals. *See* Compl. at 1-3. Few of these other purported defendants are mentioned beyond the caption, and in any event --- as we discussed in the companion case, *see Gharb*, 2013 WL 4828589, at *2, *5 --- the United States is the only properly-named defendant in complaints filed in our court. *See* RCFC 10(a).

In his complaint, Mr. Gharb seeks two billion dollars in damages from the United States for alleged infringements of the '654 patent, under 35 U.S.C. § 284 and 28 U.S.C. § 1498(a). Compl. at 36.[1] This patent, called "Security System with a Mobile Telephone," *see* Compl. at 28, Ex. 1 at 1, was issued to Mr. Gharb on April 22, 2003, and "relates to a security system with a mobile telephone for monitoring objects, in particular vehicles and security cases, and a method for operating such a system," Compl. Ex. 1 at 10. The invention's described objective was "to propose a security system in which the alarm is reported via a mobile telephone connection." *Id.* As the Federal Circuit explained in another case involving Mr. Gharb and his invention, the limitations of the broadest claim of the '654 patent included the use of "a digital recording device having at least one emergency message," five Programmable Logic Controllers (PLCs), and "a data set for transmission to the mobile telephone including alarm information." *Unitronics (1989) (R"G) Ltd. v. Gharb,* 318 F. App'x 902, 904-05 (Fed. Cir. 2008) (quoting the '654 patent at col. 5 ll. 25-51); *see* Compl. Ex. 1 at 12.

Although the complaint is confusing and meandering, the Court discerns that Mr. Gharb is of the belief that Schneider Electric is a government contractor which sells products infringing upon his patent; and that Crouzet, apparently acquired by Schneider Electric in 2000, *see* Compl. at 22, does the same. His reasoning seems to be that in the years prior to the filing of his application for the '654 patent, no patents or trademarks of either company combined the use of PLCs and the Global

---

[1] Mister Gharb also asks that the Republic of France, Schneider Electric and Crouzet participate in the payment of his alleged damages. *See* Compl. at 36. These other parties neither appear nor are regarded in this matter. Our court does not have jurisdiction over claims between private parties, *see Ambase Corp. v. United States,* 61 Fed. Cl. 794, 796 (2004), or claims against foreign governments, *see Gharb,* 2013 WL 4828589, at *5.

System for Mobile Communications ("GSM"), *see* Compl. at 5, 9-21, Ex. 2 at 4 & Ex. 3, but that products of both since that time have contained PLCs communicating over the GSM, *see id.* at 22-27 & Exs. 4-6.[2] These allegations are in the form of excerpts from patents and printouts from the United States Patent and Trademark Office's ("PTO") Trademark Electronic Search System ("TESS"), with occasional annotations by plaintiff, *see* Compl. at 10-20; pictures and product descriptions, *id.* at 22-24, 26-27; and lists of products and application areas, *id.* at 21, 31. The complaint contains very little about any contracts with the federal government. On one page there is what appears to be text from a Schneider Electric press release dated October 30, 2008, concerning the award of an indefinite delivery/indefinite quantity ("ID/IQ") multiple award contract to meter the use of energy by the U.S. Navy and Marine Corps. *Id.* at 6. And one exhibit is a page from Schneider Electric promotional material that references two energy savings performance contracts projects (with the U.S. Coast Guard and the General Services Administration), notes the offering of "creative financing structures, advanced metering infrastructure, smart grid, data center efficiency, and smart building solutions," and identifies eleven other departments or entities as among its "federal client base." Compl. Ex. 7.

The government has moved to dismiss this case on three bases. First, it argues that Mr. Gharb's filing fails to comply with RCFC 8(a), which requires that a pleading provide a "short and plain statement" of both the grounds for the court's jurisdiction and of the claim, and that dismissal under RCFC 41(b) is thus warranted for failure to comply with the court's rules. Def.'s Mot. to Dismiss ("Def.'s Mot.") at 4-5. Second, the government contends that the matter should be dismissed for lack of subject-matter jurisdiction under RCFC 12(b)(1), as any damages accruing earlier than February 1, 2007 would be time-barred under the six year limitations period of 28 U.S.C. § 2501, and the complaint fails to allege any infringing sales from that date through the date that plaintiff's patent expired. *Id.* at 5-6.[3] Finally, defendant argues that plaintiff fails to state a claim against the

---

[2] Another purported defendant, the Swedish business Westermo, is similarly alleged not to have had trademarks involving PLCs prior to the filing of plaintiff's patent application. *See* Compl. at 33-35. Plaintiff appears to have included that party due to its partnership in a program with Schneider Electric. *See id.* at 32.

[3] The government cites one of the district court opinions in the *Unitronics* case which determined, "[b]ased on the database records" of the PTO, that the '654 patent "expired on April 22, 2007, due to Mr. Gharb's non-payment of the maintenance fees required under 37 C.F.R. § 1.362." Def.'s Mot. at 6 (quoting *Unitronics (1989) (R"G) Ltd. v. Gharb*, 532 F. Supp. 2d 25, 26 (D.D.C. 2008)). Using the PTO's Patent Application Information Retrieval system, under the "Transaction

United States and should have his case dismissed under RCFC 12(b)(6). It contends that plaintiff's allegations are "fatally bare and conclusory" and that he "fails to allege any facts that would entitle him" to relief. *Id.* at 7. The government specifically notes the Schneider Electric press release regarding the ID/IQ contract and states that plaintiff "does not allege facts to show that Schneider Electric provided any allegedly infringing device to the government under that contract." *Id.* at 8. And the government argues that to the extent plaintiff is merely repeating allegations rejected in prior litigation against Schneider Electric, claim preclusion (or *res judicata*) bars them. *Id.* (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Incidentally, a copy of the order dismissing that earlier case, *Gharb v. Schneider Electric SA*, No. 10-C-7637, 2011 WL 6156746 (N.D. Ill. Dec. 12, 2011), is attached as Exhibit 8 to the complaint, and a portion of the decision is also quoted in the body of the complaint, *see* Compl. at 3-4.

Plaintiff's response was reminiscent of his complaint, exhibiting an unusual format and presentation. A large chunk of the response concerns Mr. Gharb's belief that the Israeli company Unitronics (1989) (R"G) Ltd. ("Unitronics") infringed the '654 patent, *see* Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 2-9 & Ex. 6,[4] which is unusual since that company was not even listed among the purported defendants, *see* Compl. at 1-3.[5] As near as the Court can tell, this discussion is plaintiff's attempt to avoid any preclusive effect from the district court's dismissal of his case against Schneider Electric, which relied in part on the Federal Circuit's decision in the Unitronics lawsuit. *See Schneider Electric SA*, 2011 WL 6156746, at *2-3 (citing *Unitronics*, 318 F. App'x 902). Plaintiff also seems to believe that frequent invocations of defense counsel's name, as well as the use of a picture of and

History" tab, the patent seems to have expired on May 23, 2007. This discrepancy is immaterial to the outcome of the government's motion.

[4] The response has two exhibits, the second of which is identified as "Exhibit 6," and consists of excerpts from a user's manual for a Unitronics product.

[5] Although the complaint contains no allegations concerning Unitronics, the prayer for relief includes a request for a judgment that "[d]efendant Unitronics and all these federal defendants wilfully infringed" Mr. Gharb's patent. Compl. at 36. This appears to be the erroneous result of plaintiff's haphazard copying-and-pasting of portions of the complaint from another case, including the identical typographical errors. *See* Complaint at 43-44, *Gharb v. United States*, No. 12-911C (Fed. Cl. Dec. 26, 2012). Exhibit 9 to the complaint in the case under consideration inexplicably contains a copy of the user's manual for a Unitronics product and TESS records for two Unitronics trademarks.

biographical information for another lawyer who shares this name, *see* Pl.'s Resp. at 10-12, is an effective method of rebutting the government's arguments. *See id.* at 2, 7-13, 16-18, 20, 24, 28.[6]

Concerning the infringement claims that plaintiff is attempting to assert, he states that "[t]he products of Schneider Electric for PLC—GSM mobile phone are now sold everywhere in the United States in companies, in machines, in factories – in [c]ars, marine [sic], trains." *Id.* at 2. He provides the specific examples of their use in "[o]il platforms, water stations, [g]as stations, [n]uclear power stations." *Id.* He reiterates his theory that since no alleged patents, trademarks or products of Schneider Electric or Crouzet employed both PLCs and the GSM prior to the publication of his patent application, these companies must have infringed the '654 patent. *Id.* at 13-20, 24, 30.[7] As support, plaintiff assembles excerpts from various documents such as TESS records, trademark applications, and product user's manuals. *See* Pl.'s Resp. at 14-20 & Ex. 1. And he repeats his list of Schneider Electric and Crouzet products that combine PLCs and use of the GSM. *Id.* at 24.

Little of plaintiff's response is devoted to the critical question of the existence of federal government contracts to purchase any products which allegedly infringed upon the '654 patent. Plaintiff includes a reproduction of the Schneider Electric press release, quoted in the complaint, Compl. at 6, concerning the October 2008 award of an ID/IQ contract with the U.S. Navy and Marine Corps. Pl.'s Resp. at 29. Another reproduction is of a Department of Homeland Security advisory regarding Schneider Electric software. *Id.* at 23. Neither mention any of the products which allegedly infringe upon the '654 patent. And a page and one-half of the response contains cryptic combinations of strings of phrases relating to Schneider Electric and government contracts --- apparently the results of internet searches (as excerpts from web addresses are interspersed among these phrases). *See id.* at 20-22. The only passage which involves a time period prior to the expiration of the '654 patent concerns a supposed Federal Supply Schedule ("FSS") listing that included PLCs under a contract running from March 1, 1997 through February 29, 2012. *Id.*

---

[6] Plaintiff also curiously includes photographs of judges and a lawyer who participated in his Unitronics litigation, and of the district court judge from his lawsuit against Schneider Electric (who was improperly identified as a defendant in this matter, *see* Compl. at 3). Pl.'s Resp. at 2-3, 13.

[7] The similar argument is made that Unitronics as of 1999 had PLC trademarks and a PLC product that did not communicate using the GSM, and that these facts were hidden from the judges deciding the *Unitronics* matter. *See* Pl.'s Resp. at 3-6, 24, 30.

at 21. At the end of his response, plaintiff clarifies that he seeks damages from just Schneider Electric and the United States, and that the $2 billion requested covers infringement "during the period from 2001 to 2007." *Id* at 31.[8]

The government's reply reiterates the points made in its motion. *See* Def.'s Reply at 1-4. Regarding that portion of plaintiff's response which the government aptly describes as a "series of vague press release excerpts that purportedly show that Schneider Electric and the government were parties to contracts," defendant argues that Mr. Gharb has failed to show that the "asserted contracts relate to any allegedly infringing devices" and "that any actionable transactions occurred during the relevant jurisdictional time period." *Id.* at 2.

Following receipt of the reply paper, Mr. Gharb submitted a second response, which the Court, in light of plaintiff's pro se status, allowed to be filed as a sur-reply. *See* Order (June 5, 2013); ECF No. 9 ("Sur-reply"). His sur-reply is in the same vein as his other papers, repeating the same contentions in the same odd style. To support his claims, he includes material apparently copied and pasted from the internet concerning two General Services Administration ("GSA") FSS contracts. *See* Sur-reply at 4-5. One contract, with an apparent affiliate of Schneider Electric, concerns law enforcement and security and purportedly runs through September 14, 2015. *Id.* No specific products are identified with this listing. *Id.* The other contract, with an unrelated party, seemingly includes a listing for a Zelio Logic GSM mobile phone by Schneider Electric, *id.* at 5, which might be one of the devices about which plaintiff complains. *See* Compl. at 21. The contract is represented as running through November 14, 2016. Sur-reply at 5. Plaintiff in his sur-reply now describes the time period for which damages are sought as running "from 2000 to 2007." *Id.* at 7.

## II. DISCUSSION

To the extent that plaintiff seeks damages for any infringements of the '654 patent occurring prior to February 1, 2007, it is beyond dispute that such claims are not within our subject-matter jurisdiction. Under the applicable statute of limitations, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2006). The expiration of this particular

---

[8] As the Court noted earlier, Schneider Electric is not a proper party to this proceeding. *See supra* n.1. Plaintiff dropped the request for judgment against Unitronics, *see* Pl.'s Resp. at 31, confirming that this was included erroneously in the complaint.

statute of limitations period presents a jurisdictional issue. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008). Plaintiff filed this lawsuit on February 1, 2013, and thus any claims accruing more than six years earlier --- that is, before February 1, 2007 --- are beyond our jurisdiction. Insofar as the complaint seeks damages for infringements occurring before February 1, 2007, the government's motion to dismiss these claims under RCFC 12(b)(1) is **GRANTED**.

Claims accruing on or after February 1, 2007, however, run up against another limit. As the government notes, *see* Def.'s Mot. at 6, and plaintiff does not seem to dispute, the '654 patent expired in the first half of 2007 due to Mr. Gharb's failure to pay required maintenance fees. The Court takes judicial notice of the record publicly available from the PTO's Patent Application Information Retrieval system, showing that plaintiff's patent expired on May 23, 2007 due to non-payment of maintenance fees under 37 C.F.R. § 1.362.[9] Plaintiff appears to concede this point, as he does not seek damages accruing after 2007. *See* Pl.'s Resp. at 31; Sur-reply at 7. Thus, to state a claim upon which relief can be granted, plaintiff must allege sufficient facts to plausibly suggest that the federal government purchased infringing products within the window beginning February 1, 2007, and ending May 23, 2007.

The court considers motions for failure to state a claim upon which relief can be granted under Rule 12(b)(6). RCFC 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When determining whether to grant a Rule 12(b)(6) motion, the court "must accept as true all the factual allegations in the complaint" and make "all reasonable inferences in favor of the non-movant." *Sommers Oil. Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at

---

[9] The Court may take judicial notice of such public records when considering a motion to dismiss. *See Bander v. United States*, 161 Ct. Cl. 475, 478-79 (1963); *see also Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n.27 (Fed. Cir. 1993) (taking judicial notice of public patent records). Plaintiff raised no objection to the government's reliance on the district court's determination that the '654 patent expired one month earlier. *See* Def.'s Mot. at 6 (citing *Unitronics*, 532 F. Supp. 2d at 26); Pl.'s Resp. at 1-18, 20-22, 24-31.

678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Although this Court accords a pro se plaintiff leniency in presenting his case, the plaintiff's pro se status does not render him immune from the requirement that he plead facts upon which a valid claim can rest. *Paalan v. United States*, 57 Fed. Cl. 15, 16 (2003); *see also Hains v. Kerner*, 404 U.S. 519, 520 (1972).

Even taking into account the attempted elaborations in his two subsequent documents, plaintiff's complaint falls far short of meeting the RCFC 12(b)(6) standard. In the first place, he fails to identify *any* purchase by the federal government of *any* product during the relevant time period. At best, plaintiff identified one Schneider Electric GSA FSS contract in force during this time period. *See* Pl.'s Resp. at 21. But this contract is alleged to have begun March 1, 1997, *id.* which was several years before Mr. Gharb applied for the '654 patent application, *see* Compl., Ex. 1 at 1, and thus could not have included any devices which infringed upon that patent. Moreover, such contracts merely serve as catalog listings from which agencies may purchase supplies, *see Sharp Elecs. Corp. v. McHugh*, 707 F.3d 1367, 1369 (Fed. Cir. 2013), and their mere existence cannot be taken to mean that a purchase of a listed item occurred on any given day. In any event, plaintiff does not even allege that this particular contract concerned one of the purportedly infringing devices, but instead states that it included PLCs. *See* Pl.'s Resp. at 21.

Mister Gharb's difficulties do not end there, however, as his allegations that Schneider Electric products infringed the '654 patent are the sort of "mere conclusory statements" that the Supreme Court found implausible in *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff appears to persist in his belief that the '654 patent gave him the exclusive right to all products which use PLCs communicating over GSM. *See* Compl. at 5, 9-27, 36, Exs. 2 & 4-6. The Federal Circuit has found to the contrary. *See Unitronics,* 318 F. App'x at 904-05. Plaintiff has failed to allege that any Schneider Electric (or, for that matter, Crouzet) product contains each limitation of his broadest claim. For the foregoing reasons, to the extent plaintiff seeks damages for any alleged infringements occurring on or after February 1, 2007, the government's motion to dismiss these claims under RCFC 12(b)(6) is **GRANTED**.[10]

---

[10] Although plaintiff's claims are neither short nor plain, the Court does not find dismissal under RCFC 8(a) and 41(b) appropriate, as the basis of his claims can be discerned and it is clear that he fails to state a claim upon which relief can be granted. *See Gharb*, 2013 WL 4828589, at *5.

## III.  CONCLUSION

For the reasons stated above, to the extent plaintiff seeks damages for claims accruing prior to February 1, 2007, defendant's motion to dismiss these claims under RCFRC 12(b)(1) is **GRANTED**; and to the extent damages are sought for claims accruing on or after that date, defendant's motion to dismiss those claims under RCFC 12(b)(6) is **GRANTED**.  The case is dismissed, and the Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge